UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x   No. 23-CV-3825
MALIK MCCAIN,

                              Plaintiff,                      **NOTICE OF REMOVAL**

              -against-

THE CITY OF NEW YORK; METROPOLITAN
TRANSPORTATION AUTHORITY; OFFICER JOHN
DOE; OFFICER JANE DOE; WAILOK WONG,
SHIELD NO. 12002; JASON F. FARRELL, SHIELD NO.
19867,

                              Defendants,
--------------------------------------------------------------------------x

# EXHIBIT A
**Summons and Verified Complaint filed in the Supreme Court of the State of New York, Queens County**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| **MALIK MCCAIN**, | |
| Plaintiff, | Index No.: |
| -against- | **SUMMONS** |
| **THE CITY OF NEW YORK; METROPOLITAN TRANSPORTATION AUTHORITY; OFFICER JOHN DOE; OFFICER JANE DOE; WAILOK WONG, SHIELD NO. 12002; JASON F. FARRELL, SHIELD NO. 19867,** | Plaintiff designates Queens County as the place of trial |
| Defendants. | |

To the above-named Defendants:

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the location where the claims arose.

    Dated: New York, New York
            April 20, 2023

**Rickner PLLC**

By: _/s/ Sara Wolkensdorfer_
    Sara Wolkensdorfer

14 Wall Street, Suite 1603
New York, NY 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Claimant*

TO:

THE CITY OF NEW YORK
New York City law Department
100 Church Street
New York, New York 10007

Metropolitan Transportation Authority
General Counsel
2 BROADWAY
New York, New York 10017

Officer Wailok Wong, Sheild No. 12002
NYPD 100th Precinct
92-24 Rockaway Beach Blvd, Queens, NY 11693

Jason F. Farrell, Shield No. 19867
NYPD 100th Precinct
92-24 Rockaway Beach Blvd, Queens, NY 11693

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

**MALIK MCCAIN**,

    Plaintiff,

-against-

**THE CITY OF NEW YORK; METROPOLITAN TRANSPORTATION AUTHORITY; OFFICER JOHN DOE; OFFICER JANE DOE; WAILOK WONG, SHIELD NO. 12002; JASON F. FARRELL, SHIELD NO. 19867,**

    Defendants.

---

Index No.:

**VERIFIED COMPLAINT**

Plaintiff MALIK MCCAIN, by his attorneys, Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

### NATURE OF THE CASE

1. This is a civil rights action brought against the City of New York and members of the New York City Police Department ("NYPD") and the Metropolitan Transportation Authority Police Department ("MTA"), who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York and committed torts actionable under the common laws and statutes of the State and New York.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

4. Venue is properly laid in the Supreme Court of the State of New York, County of Queens, because the Plaintiff's claims arose in the County of Queens.

5. Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**PARTIES**

6. Plaintiff is, and was at all times relevant to this action, a resident of Queens County in the State of New York.

7. Defendant the City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

8. Defendant the City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant Metropolitan Transportation Authority ("MTA") is a public authority operating under and by virtue of the laws of the State of New York. It is authorized to maintain a police force that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

10. Defendant MTA assumes the incidental risk to the maintenance of its police force and the employment of MTA police officers as said risks attach to the public consumers of the services provided by the MTA.

11. Defendant Officer Wailok Wong (Shield No. 12002) (hereinafter "Wong") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all

relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties. He is sued in his individual capacity.

12. Officer Wong is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

13. Officer Wong is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

14. Defendant Officer Jason F. Farrell (Shield No. 19867) (hereinafter "Farrell") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties. He is sued in his individual capacity.

15. Officer Farrell is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

16. Officer Farrell is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

17. Defendant Officer John Doe (Shield No. Unknown) was at all relevant times described herein an MTA police officer. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of the duties attendant to that employment. He is sued in an individual capacity.

18. Defendant Officer Jane Doe (Shield No. Unknown) was at all relevant times described herein an MTA police officer. At all relevant times described herein she was acting under color of New York state law and acting in the course and scope of the duties attendant to that employment. She is sued in an individual capacity.

19. Collectively Officer Wong, Officer Farrell, Officer John Doe, and Officer Jane Doe are referred to as the "Individual Defendants."

20. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD/MTA and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD/MTA at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD/MTA and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD/MTA.

21. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

### THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

22. On August 6, 2021 at some time between 8:00 a.m. and 8:30 a.m., Plaintiff was inside Pickles & Pie Food Market & Deli, 202 Beach 116th Street, Queens, New York 11694, when he was assaulted by an employee.

23. Shortly thereafter, Defendant Officers John and Jane Doe of the MTA police department, who had been at a nearby bus station and overheard the assault, came into the store to investigate.

24. Plaintiff told the officers that he had been assaulted, showed them his bleeding lip, and implored them to watch the surveillance footage in the Deli for proof of the attack.

25. Defendant Officer John Doe told Plaintiff he did not need to watch the footage and proceeded to grab him by the chest and threw him against the wall without explanation.

26. Defendant Officer Jane Doe was told by a witness that an employee of the deli had attacked Plaintiff, but she did not take a witness statement or ask the witness to stay until the NYPD arrived.

27. Plaintiff was detained by Defendant John and Jane Doe officers until Defendant Officers Wong and Farrell arrived, at which point both he and the deli employee were arrested.

28. Officer Wong forcefully threw Plaintiff into the back of an NYPD vehicle and he was transported to the 100th Precinct.

29. At approximately 9:45 a.m., Plaintiff was taken to Saint John's Episcopal Hospital where he received sutures for a laceration to his lip.

30. After treatment, Plaintiff was taken back to the 100th Precinct until being transported to Central Bookings and eventually arraigned the following day.

31. On or around November 9, 2021, nearly three months later, the wrongful charges against Plaintiff were dismissed and sealed.

## THE INDIVIDUAL OFFICERS' HISTORY OF MISCONDUCT

32. Officer Wong has a history of violating people's civil rights while employed by the NYPD, including one Civilian Complaint Review Board ("CCRB") complaint for discourtesy and substantiated Internal Affairs Bureau ("IAB") charges for failure to conduct proper Precinct Property Inventory when a vouchered evidentiary item went missing and failure to accurately complete a property clerk invoice concerning a controlled substance.

33. Despite these repeated incidents of misconduct, the City of New York of New York has failed to meaningfully discipline or properly supervise Officer Wong.

34. The disciplinary history of Officers Jane and John Doe are currently unknown.

## THE INJURIES TO PLAINTIFF

35. This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to his person, that Plaintiff was forced to endure as a consequence of the Individual Defendants' decidedly wrongful actions.

36. The Individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Individual Defendants are liable for punitive damages.

37. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## FIRST CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

39. The Individual Defendants used physical force against Plaintiff.

40. Plaintiff's seizure and detention at the hands of the Individual Defendants was made in the absence of probable cause. The unwanted physical contact was therefore unlawful and unconstitutional.

41. Even assuming arguendo that Plaintiff's arrest was lawful, the Individual Defendants engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to plaintiff.

42. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to

be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

43. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

44. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

### SECOND CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. The Individual Defendants restrained and arrested Plaintiff without probable cause.

47. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

48. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

49. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## THIRD CLAIM FOR RELIEF:
## PROSECUTION WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51. The Individual Defendants initiated a prosecution against Plaintiff without probable cause and that prosecution resolved in a complete dismissal of the charges, in favor of Plaintiff.

52. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants are therefore liable to Plaintiff for damages under 42 U.S.C. § 1983.

53. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

54. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## FOURTH CLAIM FOR RELIEF:
## DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

56. The Individual Defendants provided false evidence and statements to the prosecution, defense counsel, and court, including that Plaintiff obstructed the breathing or circulation of blood of another person.

57. The Individual Defendants withheld exculpatory evidence from the prosecution, defense counsel, and court, including the statement made by a witness that Plaintiff was the individual assaulted.

58. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of due process and trial rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution to be free from prosecution based on false statements and under *Brady v. Maryland*, 373 U.S. 83 (1963), and the Individual Defendants are therefore liable to Plaintiff for damages under 42 U.S.C. § 1983.

59. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

### FIFTH CLAIM FOR RELIEF: *MONELL* CLAIMS AGAINST THE CITY OF NEW YORK

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

61. The City of New York is liable for the conduct of the Individual Defendants under Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978) because the driving force behind these constitutional violations were the *de facto* and explicit policies and practices of the NYPD, MTAPD, and the City of New York.

62. As a result, the City of New York is liable for any damages caused, except for punitive damages.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

    a.    Compensatory damages;
    b.    Punitive damages;

      c.      The convening and empaneling of a jury to consider the merits of the claims herein;

      d.      Costs and interest and attorney's fees;

      e.      Such other and further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
           April 20, 2023

Rickner PLLC

By: _____
Sara Wolkensdorfer

14 Wall Street, Suite 1603
New York, NY 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Claimant*

## ATTORNEY'S VERIFICATION

I, Sara Wolkensdorfer, an attorney duly admitted to practice before the Courts of the State of New York, affirm the following to be true under the penalties of perjury:

1) I am the attorney of record for the Plaintiff.

2) I have read the annexed Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are alleged upon information and belief, and as to those matters, I believe them to be true. My beliefs, as to those matters therein not stated upon knowledge, are based upon facts, records, other pertinent information contained in my files.

3) This verification is made by me because Plaintiff does not reside in the County where I maintain my offices.

Dated: New York, New York
April 20, 2023

Rickner PLLC

By: /s/ Sara Wolkensdorfer
Sara Wolkensdorfer

14 Wall Street, Suite 1603
New York, NY 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Claimant*