UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x   **No. 23-CV-3825**
MALIK MCCAIN,

                              Plaintiff,   **NOTICE OF REMOVAL**

               -against-

THE CITY OF NEW YORK; METROPOLITAN TRANSPORTATION AUTHORITY; OFFICER JOHN DOE; OFFICER JANE DOE; WAILOK WONG, SHIELD NO. 12002; JASON F. FARRELL, SHIELD NO. 19867,

                              Defendants,
-------------------------------------------------------------------------x

# EXHIBIT C
**Defendant Metropolitan Transportation Authority's Answer filed in the Supreme Court of the State of New York, Queens County**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------- x
MALIK MCCAIN,

                       Plaintiff,

-against-

THE CITY OF NEW YORK; METROPOLITAN
TRANSPORTATION AUTHORITY; OFFICER JOHN
DOE; OFFICER JANE DOE; WAILONG WONG,
SHIELD NO. 12002; JASON F. FARRELL, SHIELD NO.
19867,

                       Defendants,
-------------------------------------------------------------------------x

Index No. 708237/2023

**VERIFIED ANSWER**

      Defendant METROPOLITAN TRANSPORTATION AUTHORITY ("MTA") answers the Verified Complaint in this matter and alleges as follows:

### AS TO "NATURE OF THE CASE"

1.     Denies the allegations in Paragraph 1.

### AS TO "JURISDICTION"

2.     Denies that the allegations in Paragraph 2 require a response and refers all questions of law to the Court.

3.     Denies that the allegations in Paragraph 3 require a response and refers all questions of law to the Court.

4.     Denies the allegations in Paragraph 4 and refers all questions of law to the Court.

5.     Denies the allegations in Paragraph 5 and refers all questions of law to the Court.

### AS TO "PARTIES"

6.     Denies having sufficient information to form a belief as to Paragraph 6's allegations.

7.     Admits the allegations in Paragraph 7 and refers all questions of law to the Court.

8.     Denies the allegations in Paragraph 8 and refers all questions of law to the Court.

1

9. Admits the allegations in Paragraph 9 and refers all questions of law to the Court.

10. Denies the allegations in Paragraph 10 and refers all questions of law to the Court.

11. Denies having sufficient information to form a belief as to Paragraph 11's allegations.

12. Denies having sufficient information to form a belief as to Paragraph 12's allegations.

13. Denies having sufficient information to form a belief as to Paragraph 13's allegations.

14. Denies having sufficient information to form a belief as to Paragraph 14's allegations.

15. Denies having sufficient information to form a belief as to Paragraph 15's allegations.

16. Denies having sufficient information to form a belief as to Paragraph 16's allegations.

17. Denies the allegations in Paragraph 17.

18. Denies the allegations in Paragraph 18.

19. Denies that the allegations in Paragraph 19 require a response.

20. Denies the allegations in Paragraph 20 and refers all questions of law to the Court.

21. Denies having sufficient information to form a belief as to Paragraph 21's allegations.

### AS TO "THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS"

22. Denies having sufficient information to form a belief as to Paragraph 22's allegations.

23. Denies the allegations in Paragraph 23.

24. Denies having sufficient information to form a belief as to Paragraph 24's allegations.

25. Denies having sufficient information to form a belief as to Paragraph 25's allegations.

26. Denies having sufficient information to form a belief as to Paragraph 26's allegations.

27. Denies having sufficient information to form a belief as to Paragraph 27's allegations.

28. Denies having sufficient information to form a belief as to Paragraph 28's allegations.

29. Denies having sufficient information to form a belief as to Paragraph 29's allegations.

30. Denies having sufficient information to form a belief as to Paragraph 30's allegations.

31. Denies having sufficient information to form a belief as to Paragraph 31's allegations.

### AS TO "THE INDIVIDUAL OFFICERS' HISTORY OF MISCONDUCT"

32. Denies having sufficient information to form a belief as to Paragraph 32's allegations.

33. Denies having sufficient information to form a belief as to Paragraph 33's allegations.

34. Denies that the allegations in Paragraph 34 require a response.

### AS TO "THE INJURIES TO PLAINTIFF"

35. Denies that the allegations in Paragraph 35 require a response.

36. Denies having sufficient information to form a belief as to Paragraph 36's allegations and refers all questions of law to the Court.

37. Denies having sufficient information to form a belief as to Paragraph 37's allegations and refers all questions of law to the Court.

### AS TO "FIRST CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS"

38. In answer to Paragraph 38 Defendant MTA repeats, reiterates and realleges each and every answer made to the foregoing paragraphs of the Verified Complaint inclusive, with the same force and effect as though set forth herein once again at length.

39. Denies having sufficient information to form a belief as to Paragraph 39's allegations.

40. Denies having sufficient information to form a belief as to Paragraph 40's allegations and refers all questions of law to the Court.

41. Denies having sufficient information to form a belief as to Paragraph 41's allegations and refers all questions of law to the Court.

42. Denies having sufficient information to form a belief as to Paragraph 42's allegations and refers all questions of law to the Court.

43. Denies having sufficient information to form a belief as to Paragraph 43's allegations and refers all questions of law to the Court.

44. Denies having sufficient information to form a belief as to Paragraph 44's allegations and refers all questions of law to the Court.

### AS TO "SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS"

45. In answer to Paragraph 45 Defendant MTA repeats, reiterates and realleges each and every answer made to the foregoing paragraphs of the Verified Complaint inclusive, with the same force and effect as though set forth herein once again at length.

46. Denies having sufficient information to form a belief as to Paragraph 46's allegations and refers all questions of law to the Court.

47. Denies having sufficient information to form a belief as to Paragraph 47's allegations and refers all questions of law to the Court.

48. Denies having sufficient information to form a belief as to Paragraph 48's allegations and refers all questions of law to the Court.

49. Denies having sufficient information to form a belief as to Paragraph 49's allegations and refers all questions of law to the Court.

### AS TO "THIRD CLAIM FOR RELIEF: PROSECUTION WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS"

50. In answer to Paragraph 50 Defendant MTA repeats, reiterates and realleges each and every answer made to the foregoing paragraphs of the Verified Complaint inclusive, with the same force and effect as though set forth herein once again at length.

51. Denies having sufficient information to form a belief as to Paragraph 51's allegations and refers all questions of law to the Court.

52. Denies having sufficient information to form a belief as to Paragraph 52's allegations and refers all questions of law to the Court.

53. Denies having sufficient information to form a belief as to Paragraph 53's allegations and refers all questions of law to the Court.

54. Denies having sufficient information to form a belief as to Paragraph 54's allegations and refers all questions of law to the Court.

### AS TO "FOURTH CLAIM FOR RELIEF: DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS"

55. In answer to Paragraph 55 Defendant MTA repeats, reiterates and realleges each and every answer made to the foregoing paragraphs of the Verified Complaint inclusive, with the same force and effect as though set forth herein once again at length.

56. Denies having sufficient information to form a belief as to Paragraph 56's allegations and refers all questions of law to the Court.

57. Denies having sufficient information to form a belief as to Paragraph 57's allegations and refers all questions of law to the Court.

58. Denies having sufficient information to form a belief as to Paragraph 58's allegations and refers all questions of law to the Court.

59. Denies having sufficient information to form a belief as to Paragraph 59's allegations and refers all questions of law to the Court.

### AS TO "FIFTH CLAIM FOR RELIEF: *MONELL* CLAIMS AGAINST THE CITY OF NEW YORK"

60. In answer to Paragraph 60 Defendant MTA repeats, reiterates and realleges each and every answer made to the foregoing paragraphs of the Verified Complaint inclusive, with the same force and effect as though set forth herein once again at length.

61. Denies the allegations in Paragraph 61 and refers all questions of law to the Court.

62. Denies having sufficient information to form a belief as to Paragraph 62's allegations and refers all questions of law to the Court.

63. In answer to the Paragraph beginning "WHEREFORE" in the Complaint, Defendant MTA denies that Plaintiff is entitled to any alleged relief as against Defendant MTA.

## FIRST AFFIRMATIVE DEFENSE

64. Plaintiff's Complaint fails to state a claim on which relief may be granted as against Defendant MTA.

## SECOND AFFIRMATIVE DEFENSE

65. At no time relevant to the Verified Complaint did Defendant MTA violate any right, privilege or immunity enjoyed by Plaintiff under the United States Constitution or under federal law.

## THIRD AFFIRMATIVE DEFENSE

66. All conduct by any Individual Defendant associated with Defendant MTA was reasonably believed by that Individual Defendant to be in conformity with all constitutional and statutory requirements, such that he or she is immune from this suit under the doctrine of qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

67. All conduct by any Individual Defendant associated with Defendant MTA did not violate any clearly established constitutional or statutory rights of which a reasonable public official in his or her position would have known, such that he or she is entitled to dismissal of this suit under the doctrine of qualified immunity .

## FIFTH AFFIRMATIVE DEFENSE

68. Whatever injuries and damages may have been sustained by Plaintiff were caused in whole or in part by his culpable conduct, such that the amount of damages recovered, if any, must be reduced in proportion to the culpable conduct attributable to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

69. Punitive damages are not available against Defendant MTA or its police department, nor, in the circumstances of this case, are such damages available against any Individual Defendant associated with Defendant MTA.

### SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff is barred from recovering from Defendant MTA lost wages, medical expenses, and all other economic losses that have or will be paid to Plaintiff from a collateral source, and Defendant MTA requests that a collateral source hearing be held, if necessary, following any verdict in this suit.

### SEVENTH AFFIRMATIVE DEFENSE

71. Plaintiff has failed to take available and reasonable steps to mitigate his damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

72. Defendant MTA is not a proper party to this suit.

**WHEREFORE**, Defendant MTA respectfully requests that the Court render judgment dismissing the Complaint in its entirety and awarding such other relief as it deems just and proper.

Dated: New York, New York
May 10, 2023

Respectfully submitted,

Paige Graves
General Counsel
METROPOLITAN TRANSPORTATION AUTHORITY

By: _____
Jason Douglas Barnes
Senior Associate Counsel
Commercial Litigation Unit
2 Broadway, 24th Floor
New York, New York 10004
jabarnes@mtahq.org

                                                             212-878-7215
                                                             212-878-7398 (fax)

*Attorneys for Defendant*
*Metropolitan Transportation*
*Authority*

TO:        *VIA ECF*

                Sara Wolkensdorfer
                RICKNER PLLC.
                14 Wall Street, Suite 1603
                New York, New York 10005
                (212) 300-6506

                *Attorneys for Plaintiff*

                NEW YORK CITY LAW
                DEPARTMENT
                100 Church Street
                New York, NY 10007
                (212) 356-3519

                *Attorneys for Defendants City of*
                *New York, Wailok Wong, and*
                *Jason F. Farrell*

                *Defendant Officer John Doe*

                *Defendant Officer Jane Doe*

## VERIFICATION

STATE OF NEW YORK )
: s.s.:
COUNTY OF NEW YORK )

JASON DOUGLAS BARNES, an attorney duly licensed to practice law in New York State, affirms: I am a Senior Associate Counsel employed in the Metropolitan Transportation Authority ("MTA") Law Department; I am fully familiar with the facts of the dispute described in the foregoing answer based on personal knowledge, documents maintained by the MTA and and conversations with MTA staff; I have read the foregoing Answer and the contents thereof are true to the best of my knowledge, information and belief.

Dated:  New York, New York
        May 10, 2022

_____
Jason Douglas Barnes