UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MALIK MCCAIN,

    Plaintiff,

-against-

OFFICER JASMINE OSORIO, SHIELD NO. 8452; WAILOK WONG, SHIELD NO. 12002; JASON F. FARRELL, SHIELD NO. 19867,

    Defendants.

Case 1:23-cv-03825-RPK-MMH

**FIRST AMENDED COMPLAINT**

    Plaintiff MALIK MCCAIN, by his attorneys, Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

## NATURE OF THE CASE

    1. This is a civil rights action brought against members of the New York City Police Department ("NYPD") who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York and committed torts actionable under the common laws and statutes of the State and New York.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

    3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

    4. Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), because a substantial parts of the events or omissions giving rise to the claims alleged herein occurred in the Eastern District of New York.

    5. Plaintiffs demand a jury trial for all claims.

## PARTIES

6. Plaintiff is, and was at all times relevant to this action, a resident of Queens County in the State of New York.

7. Defendant Officer Wailok Wong (Shield No. 12002) (hereinafter "Wong") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties. He is sued in his individual capacity.

8. Officer Wong is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

9. Officer Wong is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

10. Defendant Officer Jason F. Farrell (Shield No. 19867) (hereinafter "Farrell") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties. He is sued in his individual capacity.

11. Officer Farrell is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

12. Officer Farrell is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

13. Defendant Officer Jasmine Osorio (Shield No. 8452) (hereinafter "Osorio") was at all relevant times described herein an NYPD officer, employed by the City of New York. At all relevant times described herein she was acting under color of New York state law and acting in the course and scope of her duties. She is sued in her individual capacity.

14. Officer Osorio is entitled to indemnification by the City of New York under New York law for any liability arising from her conduct described herein.

15. Officer Osorio is entitled to indemnification by the City of New York pursuant to contract for any liability arising from her conduct described herein.

16. Collectively Officer Wong, Officer Farrell, and Officer Officer Osorio are referred to as the "Individual Defendants."

17. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

18. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

### THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

19. On August 6, 2021 at some time between 8:00 a.m. and 8:30 a.m., Plaintiff was inside Pickles & Pie Food Market & Deli, 202 Beach 116th Street, Queens, New York 11694, when he was assaulted by an employee.

20. Two MTA officers, who worked at the nearby train station, witnessed the assault.

21. When the NYPD arrived, Plaintiff told the officers that he had been assaulted, showed them his bleeding lip, and implored them to speak with the two witnesses and to watch the surveillance footage in the Deli for proof of the attack.

22. Defendant Osorio was told by a witness that an employee of the deli had attacked Plaintiff, but she did not take a witness statement or ask the witness to stay on scene.

23. Plaintiff was detained by the NYPD and eventually arrested by Defendants Wong and Farrell and transported to the 100th Precinct.

24. At approximately 9:45 a.m., Plaintiff was taken to Saint John's Episcopal Hospital where he received sutures for a laceration to his lip.

25. After treatment, Plaintiff was taken back to the 100th Precinct until being transported to Central Bookings and eventually arraigned the following day.

26. On or around November 9, 2021, nearly three months later, the wrongful charges against Plaintiff were dismissed and sealed.

### THE INDIVIDUAL OFFICERS' HISTORY OF MISCONDUCT

27. Officer Wong has a history of violating people's civil rights while employed by the NYPD, including one Civilian Complaint Review Board ("CCRB") complaint for discourtesy and substantiated Internal Affairs Bureau ("IAB") charges for failure to conduct proper Precinct Property Inventory when a vouchered evidentiary item went missing and failure to accurately complete a property clerk invoice concerning a controlled substance.

28. Despite these repeated incidents of misconduct, the City of New York of New York has failed to meaningfully discipline or properly supervise Officer Wong.

## THE INJURIES TO PLAINTIFF

29. This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to his person, that Plaintiff was forced to endure as a consequence of the Individual Defendants' decidedly wrongful actions.

30. The Individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Individual Defendants are liable for punitive damages.

## FIRST CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
## AGAINST DEFENDANT FARRELL

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

32. Defendants Farrell used physical force against Plaintiff.

33. Plaintiff's seizure and detention at the hands of Defendants Farrell was made in the absence of probable cause. The unwanted physical contact was therefore unlawful and unconstitutional.

34. Even assuming arguendo that Plaintiff's arrest was lawful, Defendants Farrell engaged in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to plaintiff.

35. That by virtue of the aforementioned acts by Defendants Farrell, Plaintiff was deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

36. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

37. As a result of the above unconstitutional conduct, Defendants Farrell is liable for punitive damages.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

39. The Individual Defendants restrained and arrested Plaintiff without probable cause.

40. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

41. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

42. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## THIRD CLAIM FOR RELIEF:
## PROSECUTION WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

44. The Individual Defendants initiated a prosecution against Plaintiff without probable cause and that prosecution resolved in a complete dismissal of the charges, in favor of Plaintiff.

45. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Individual Defendants are therefore liable to Plaintiff for damages under 42 U.S.C. § 1983.

46. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

47. As a result of the above unconstitutional conduct, the Individual Defendants are liable for punitive damages.

## FOURTH CLAIM FOR RELIEF:
## DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983
## AGAINST THE INDIVIDUAL DEFENDANTS

48. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

49. The Individual Defendants provided false evidence and statements to the prosecution, defense counsel, and court, including that Plaintiff obstructed the breathing or circulation of blood of another person.

50. The Individual Defendants withheld exculpatory evidence from the prosecution, defense counsel, and court, including the statement made by a witness that Plaintiff was the individual assaulted.

51. That by virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived of due process and trial rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution to be free from prosecution based on false statements and under *Brady v. Maryland*, 373 U.S. 83 (1963), and the Individual Defendants are therefore liable to Plaintiff for damages under 42 U.S.C. § 1983.

52. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

## FIFTH CLAIM FOR RELIEF:
## FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983
## AGAINST DEFENDANT OSORIO

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54. Defendant Osorio failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that she had opportunities to do so.

55. Defendant Osorio knew that there was a witness to Plaintiff's assault, one that could have proved his innocence, but did not get a witness statement or include the fact that there may have been a witness in Plaintiff's arrest paperwork.

56. Defendant Osorio thereby displayed deliberate indifference to Plaintiffs rights, including Plaintiffs right to be free from unreasonable and unlawful searches and seizures and arrests.

57. That by virtue of the aforementioned acts by Defendant Osorio, Plaintiff was deprived of civil rights guaranteed under the Constitution of the United States, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 USC § 1983.

58. As a result of the above unconstitutional conduct, Plaintiff was caused to suffer physical and emotional injuries, as well as a deprivation of liberty.

59. As a result of the above unconstitutional conduct, Defendant Osorio is liable for punitive damages.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    The convening and empaneling of a jury to consider the merits of the claims herein;

    d.    Costs and interest and attorney's fees;

    e.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
        January 30, 2024

**Rickner PLLC**

By: /s/

Sara Wolkensdorfer

14 Wall Street, Suite 1603
New York, NY 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*